IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GARY CHARLES BRESTLE, : | CIVIL ACTION NO.: CV212-116 |
| Plaintiff, : | |
| vs. : | |
| UNITED STATES OF AMERICA, : | |
| Defendant. : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gary Charles Brestle ("Plaintiff"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Plaintiff was granted leave to amend his Complaint, but instead Plaintiff filed a Motion for Summary Judgment. In support of his Motion for Summary Judgment, Plaintiff filed two documents, one of which was also intended to double as his Amended Complaint. Defendant filed a Response to Plaintiff's Motion for Summary Judgment. Defendant also filed a Motion to Dismiss. Plaintiff filed a Reply to Defendant's Response to his Motion for Summary Judgment and a Response to Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**, and Plaintiff's Motion for Summary Judgment should be **DISMISSED** as moot.

## STATEMENT OF THE CASE

In his Complaint, Plaintiff alleges the following:

>During the period beginning <u>May 2009</u> and continuing through <u>April 2011</u> the Plaintiff was an inmate in the custody of the Federal Bureau of Prisons, and operated at <u>known</u> times in a 'federally protected activity', at the Federal Satellite Low, Jesup, Georgia. During this same period of time, [certain] employees willfully and intentionally interfered in a series of action intended to interfere with the Plaintiff's ongoing legal affairs, placing the Plaintiff in circumstance that placed him in the 'Zone of Danger', i.e., 'in harms [sic] way', (<u>at the time</u>), causing the Plaintiff to fear for his safety and his life, by failing to report crimes against the United States , [sic] and conspired to conceal criminal activities against both the United States of America and the Plaintiff, and at time threatening the Plaintiff when he attempted to contact the appropriate federal or law enforcement agency in seeking lawful aid.
>    The Plaintiff additionally contends that the individuals whom [sic] were entitled to payments of restitution were further harmed by the actions of said employees where these iniquitous acts impeded the Plaintiff's ability to make proper and lawful, (court ordered), restitution.

(Doc. No. 1, p. 3). Plaintiff also alleges that "[t]hese federal employees interfered multiple times with the 'Administration of Justice' using coercion and intimidating tactics to <u>stop ongoing judicial and investigative proceedings</u> resulting and directly causing the Plaintiff to suffer damages in the 'sum certain' amount of $82,500,000.00 U.S. dollars." (Doc. No. 1, p. 4).

In his document titled "'Leave of the Court', & Consent of Opposing Party Amended Supplemental Pleadings Pursuant to F.R.Cv.P., Rule 15(2)," which the Court construed as a motion to amend his Complaint, Plaintiff alleges that employees of the Bureau of Prisons violated the "Continuing Violations Doctrine." (Doc. No. 18, p. 1). Specifically, Plaintiff states that he "was escorted to the 'A' Unit Officer's Station, by two FBOP Correctional Officers, (Heathcock & Daniels), and where Daniels instructed the Plaintiff to speak to SHU Lt. Pritchard via the FCI/FSL telephonic system, where

2

Pritchard attempted to intimidate the Plaintiff into believing that the Lt. had the 'judicial authority' to dismiss this 'pending' tort claim, which was filed pursuant to federal law, and was under investigation by a federal agency of the United States." (Doc. No. 18, p. 2).

In his document titled "Order Granting, RE: Plaintiff's Motion to Amend," which the Court will construe as an amendment to Plaintiff's Complaint, Plaintiff alleges that "inmates and others, (operating outside of prison), were in fact conspiring to subvert international banking laws, when moving financial transactions to countries that are on the State Departments [sic] list of countries that sponsor terrorism, and harbor terrorists," and that "these unlawful acts were in fact concealed by the Defendant." (Doc. No. 37, p. 2). Plaintiff reiterated his allegations relating to Lt. Pritchard. (Id.). Plaintiff also alleges that Correctional Officer Fraser told him that "he should drop his case against two 'FBI' agents and 'AUSA', 'pending' in the SDFL, . . . because he knew of individuals that were no longer here[.]" (Doc. No. 37, p. 3) (bold font omitted). Plaintiff also alleges facts relating to an incident wherein he wished to pursue a claim regarding being "defrauded out of $3.5 million dollars" but was hindered by several different federal employees. (Id.). Finally, Plaintiff alleges that "DOJ/FBOP Administrator Jeff Coughlin" used "'solitary confinement', as a means of 'physical force' to induce the Plaintiff into signing documents relieving the 'FBOP', 'FBI' Agents, and 'AUSA', (West Palm Beach, Florida), from a 'pending' tort action." (Doc. No. 37, pp. 3–4) (bold font omitted).

AO 72A
(Rev. 8/82)

Defendant contends that Plaintiff's Complaint, as amended, should be dismissed for lack of subject matter jurisdiction based on Defendant's sovereign immunity.[1] In response, Plaintiff asserts that "[t]he egregious actions of the Defendant in this instant action negate sovereign immunity[.]" (Doc. No. 38, p. 4).

## STANDARD OF REVIEW

"Subject matter jurisdiction defines [a] court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (internal punctuation and citations omitted). Under Federal Rule of Civil Procedure 12(b)(1), a party may assert the defense of "lack of subject-matter jurisdiction" by motion. Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) (alteration in original) (internal punctuation and citation omitted).

## DISCUSSION AND CITATION TO AUTHORITY

As a sovereign, the United States cannot be sued without its consent. United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." Suarez v. United States, 22 F.3d 1064,

---

[1] Because the undersigned agrees that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, Defendant's other arguments in support of its Motion do not need to be addressed.

AO 72A
(Rev. 8/82)

1065 (11th Cir. 1994) (citation omitted). The FTCA provides a limited waiver of sovereign immunity for actions against the United States alleging:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Plaintiff has not alleged "injury or loss of property, or personal injury or death" caused by any act or omission by any employee of the government. Consequently, the Court does not have subject matter jurisdiction over Plaintiff's claims, and Plaintiff's Complaint, as amended, should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction. As a result, it is also my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DISMISSED** as moot.

**SO REPORTED AND RECOMMENDED**, this 25th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)