FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 DEC 17 P 2: 38

CLERK_____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

GARY CHARLES BRESTLE,                   :
                                        :        CIVIL ACTION NO.: CV212-116
                 Plaintiff,             :
                                        :
        vs.                             :
                                        :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                 Defendant.             :


### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gary Brestle ("Brestle") filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(2). Plaintiff also filed a Motion for Leave of Court to Supplement the Record. For the reasons which follow, Plaintiff's Rule 60(b)(2) Motion should be **DENIED**. Plaintiff's Motion for Leave of Court to Supplement the Record is **DENIED**.

Brestle filed this cause of action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging, *inter alia*, that from May 2009 through April 2011, employees at the Federal Correctional Institution in Jesup, Georgia, "willfully and intentionally interfered in a series of actions intended to interfere with the Plaintiff's ongoing legal affairs" and "conspired to conceal criminal activities against both the

AO 72A
(Rev. 8/82)

United States of America and the Plaintiff." (Doc. No. 1, p. 3). The United States of America filed a motion to dismiss alleging, in pertinent part, that this Court lacked jurisdiction to entertain Brestle's claims because the Government had not waived its sovereign immunity. The undersigned recommended granting the motion to dismiss on this basis. (Doc. No. 41). The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (Doc. No. 46). Chief Judge Wood denied Brestle's motion for reconsideration. (Doc. No. 50). Brestle filed a previous motion pursuant to Rule 60(b)(2), which Chief Judge Wood denied. (Doc. Nos. 59, 60).

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for relief under Rule 59(b). FED. R. CIV. P. 60(b)(2). This newly discovered evidence "must be sufficiently material so as to alter the previous judgment." Whitmire v. Ga., No. 2:09-CV-0218, 2010 WL 1489975, at *1 (N.D. Ga. Apr. 13, 2010) (citing Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1358 (11th Cir. 2008)). A Rule 60(b)(2) motion is an extraordinary motion, and "the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000).

Brestle fails to meet the most basic requirement—that his "newly discovered evidence" is sufficiently material to alter Chief Judge Wood's Order entered October 22, 2012. (Doc. No. 47). Even accepting Brestle's assertions as true, Brestle presents nothing which indicates that he suffered "injury or loss of property, or personal injury or death" caused by any act or omission by any employee of the government. 28 U.S.C. §

AO 72A
(Rev. 8/82)

1346(b)(1).  Brestle's Rule 60(b)(2) Motion should be **DENIED**.  Chief Judge Wood's Order entered October 22, 2012, should remain the Order of the Court, and this case should remain closed.

SO **ORDERED** and **REPORTED** and **RECOMMENDED**, this _17_ day of December, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)